THE ROYAL BANK OF CANADA, Plaintiff and Appellee, *v.* JAMES B. FAGOTHEY, Defendant and Appellant.

No. 8374.   Argued June 24, 1941.—Decided June 27, 1941.

52

*Santiago de la Fuente* for appellant. *Brown, González & Newsom,* and *E. Córdova Díaz* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The Royal Bank of Canada filed a verified complaint in the District Court of San Juan in an action to recover on a promissory note executed in its favor by the defendant, James Fagothey. The instrument is transcribed in full in the complaint.

On November 12, 1940, the lower court overruled a demurrer to the complaint and allowed the defendant ten days to file an answer. On December 18, 1940, the defendant filed a motion in which he alleged that it was necessary for him to make an inspection of the instrument on which the complaint is based and then a reasonable period after the inspection for filing an answer. He prayed "that the plaintiff herein be ordered to place in the hands of the clerk of the court the instrument on which the complaint in the instant case was based for five days for an inspection by the defendant." He further asked for an extension of 15 days for filing an answer.

The lower court, pursuant to the provisions of Section 314 of the Code of Civil Procedure (1933 ed.), made an order whereby "the plaintiff is directed, as soon as it is served with a copy of this order, to allow the defendant an inspection of the said promissory note, and the defendant is granted a last extension of 10 days for filing an answer to the complaint."

On December 28, 1940, the defendant advised the court, in writing, "that it is now 11: 30 a. m., Saturday, December 28, 1940, and the plaintiff has not yet allowed the inspection sought" and that "the defendant has been compelled to prepare and file his answer without an opportunity to make an inspection of the aforesaid instrument."

Defendant's answer, filed December 28, 1940, is not verified. The same contains a denial of the essential facts of the complaint, its second paragraph reading as follows:

"*Second.*—In connection with paragraph 2 of the complaint he denies, for lack of information and belief, having subscribed and delivered the promissory note transcribed in said paragraph or any other promissory note or that the plaintiff is the holder of the same or of any other."

On March 11, 1941, the lower court, on plaintiff's motion, rendered a judgment on the pleadings against the defendant, who was adjudged to pay $1,000 as principal, with interest thereon at 7 per cent until the same is fully paid, with costs and $100 as attorney's fees. It is from the above judgment that the defendant has taken the present appeal which the plaintiff seeks to have dismissed because it is frivolous and because it has been taken for the purpose of delaying the execution of the judgment.

██ That the appeal is frivolous is obvious. It was the proper thing for the court to sustain the complaint, as the same was verified and the answer thereto was not verified. See Sections 110, 118, and 119 of the Code of Civil Procedure; *Horton* v. *Robert*, 11 P.R.R. 168; *Parker* v. *Oller*, 21 P.R.R. 129; *Delannoy* v. *Blondet*, 22 P.R.R. 219; *P. R. Benev. Soc.* v. *Mun. of Ponce*, 28 P.R.R. 773; *Carlo* v. *Ferrer*, 28 P.R.R. 343; *González* v. *González*, 35 P.R.R. 642; *Antonsanti & La Costa* v. *Axtmayer*, 38 P.R.R. 701; *Valdés* v. *Heirs of Gandía*, 41 P.R.R. 549.

██ It is provided by Section 119 of the Code of Civil Procedure that when an action is brought upon a written instrument and the complaint contains a copy of such instrument, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified. Section 121 of the same code provides that such execution "is not deemed admitted by a failure to deny the

54

same under oath, if the party desiring to controvert the same is, upon demand, refused an inspection of the original.''

█ The appellant bases his argument on the erroneous contention that the plaintiff was bound, under the order made by the lower court, to deposit the promissory note in the office of the clerk of the court, for five days, to be inspected there by the defendant. It was not incumbent upon the plaintiff to comply with the request of the defendant in his motion but only with the order of the court. What plaintiff was ordered to do was ''as soon as it is served with a copy of this order, to *allow* the defendant an inspection of the said promissory note.'' The plaintiff was not actually ordered to take the promissory note to any particular place but only to permit that an inspection be made by the defendant. In order to bring himself within the purview of Section 121 of the Code of Civil Procedure, the defendant would have to show to the satisfaction of the court that the plaintiff refused to allow an inspection upon being served with the order to that effect. Nothing appears from the record to prove such refusal. Moreover, in the argument on the motion it was admitted by the appellant that neither the defendant nor his counsel ever called at the office of the plaintiff or at that of its attorneys in order to be allowed to inspect the promissory note.

The appeal must be dismissed as frivolous.